IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN D. LUTON,**

           **Petitioner,**

      v.                        CASE NO. 09-3236-SAC

**JOHNNIE GODDARD,**
**et al.,**

           **Respondents.**

### O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Ellsworth Correctional Facility, Ellsworth, Kansas. Petitioner has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2), and the supporting documents indicate this motion should be granted.

Mr. Luton was convicted by a jury in Sedgwick County District Court, Wichita, Kansas of aggravated criminal sodomy and aggravated burglary. He was sentenced on January 29, 1998, to terms totaling 736 months in prison. He appealed his convictions, and the Kansas Court of Appeals (KCOA) affirmed. State v. Luton, 977 P.2d 293 (Kan.App. Jan. 29, 1999)(Table, No. 80,958), rev. denied 266 Kan. 1113 (1999)(Luton I). The Kansas Supreme Court denied his Petition for Review on March 16, 1999. Petitioner raised two issues on direct appeal: (1) the trial court erred in admitting evidence of his prior crimes or civil wrongs, and (2) the jury verdict was not supported by sufficient evidence to prove his guilt beyond a reasonable doubt.

On August 16, 2000, Mr. Luton filed a post-conviction motion pursuant to K.S.A. 60-1507 in the trial court. It was "summarily denied" by the state district court on November 17, 2000. Luton

appealed, and the KCOA "twice reversed and remanded for further proceedings". Luton v. State, 149 P.3d 547 (Kan.App. 2007, Jan. 12, 2007)(citing see Luton v. State (Luton II), No. 86,403, unpublished opinion filed March 22, 2002; Luton v. State (Luton III), No. 90,220, unpublished opinion filed July 2, 2004). The third appeal was pending until the KCOA affirmed and a Petition for Review was denied on May 16, 2007.

On February 25, 2009, this court denied a prior § 2254 petition filed by Mr. Luton, finding it was not filed within the applicable statute of limitations, 28 U.S.C. § 2244(d)(1). See Luton v. Rohling, 2009 WL 482331, No. 08-3054-SAC (D.Kan. Feb. 25, 2009, unpublished).

As "grounds" for the instant petition, Mr. Luton states only "Motion to correct an illegal sentence pursuant to K.S.A. 22-3504." He alleges no facts in support[1]. He does allege that he has fully exhausted his claim. He further alleges that he did not raise his claim on direct appeal because appellate counsel failed to raise it. He then states this motion was filed in the Sedgwick County District Court on July 21, 2008 and denied in an Order filed on September 5, 2008. He appealed to the Kansas Court of Appeals, and the case was affirmed in part and dismissed in part on July 20, 2009. State v. Luton, Case No. 101,570 (Kan.App. July 20, 2009). The Kansas Supreme Court denied review on September 2, 2009.

---

[1] Petitioner does not even summarize the claims he raised in his motion to correct illegal sentence filed in state court on July 21, 2008, or provide a copy of that motion. He does provide a copy of the response to his motion filed by the State and the district court's order denying the motion. Therein, it is stated his claims were that the court violated his rights when it utilized his criminal history in determining his sentence and imposed the high number in the grid box without a jury finding.

Petitioner also states in his Petition that he currently has a petition or appeal pending in the District Court of Sedgwick County, Kansas, apparently in yet another 60-1507 motion alleging prosecutorial misconduct and ineffective assistance of counsel.

In response to the question on his form petition regarding the timeliness of this petition, Mr. Luton states only that he has timely filed this petition within one year of the final judgment of the highest state appellate court.

The court finds that this is a second or successive § 2254 petition by Mr. Luton. Even if petitioner may be raising different claims than in his first federal habeas corpus petition, that fact would not alter the successive nature of the current petition, since his current claims do not appear to be ones that could not have been raised in the earlier action.

28 U.S.C. § 2244(b) limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action in federal court under § 2254 and further provides that:

> [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). Under this statute, a second or successive petition for habeas corpus may be filed in federal district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the district court to consider the petition. Id. "A district court does not have jurisdiction to address the merits of a second or successive . . . 2254 claim until (the Tenth Circuit) has granted the required authorization." In re Cline, 531 F.3d 1249, 1251 (10th Cir.

3

2008)(citing <u>United States v. Nelson</u>, 465 F.3d 1145, 1148 (10th Cir. 2006)). There is no indication in the materials filed that petitioner has obtained the necessary authorization from the United States Court of Appeals for the Tenth Circuit. Accordingly, this court is without jurisdiction to consider Mr. Luton's habeas claims, because he has not obtained prior authorization from the Tenth Circuit Court of Appeals for filing a second and successive habeas corpus petition.

When a petitioner improperly files a second or successive petition in this district court without first obtaining the required authorization, this court should transfer the action to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for the requisite authorization, if the interest of justice would be served. <u>In re Cline</u>, 531 F.3d at 1252. However, the court finds the interest of justice would not be served in this case because Mr. Luton's federal court challenges to his state convictions underlying his current confinement are clearly time-barred. Accordingly, the court declines to transfer this action to the Circuit for preauthorization.

Petitioner was informed in the order denying his prior § 2254 petition that his state criminal convictions became "final" under § 2244(d)(1)(A) on or before June 15, 1999; that the one-year limitations period began running on that day; and it ran uninterrupted for one year until it expired on June 15, 2000. Mr. Luton was also informed that none of the state post-conviction motions filed by him in state court after June 15, 2000, restarted the statute of limitations or had any tolling effect for the reason that the federal statute of limitations had already expired before

4

they were filed.  Luton v. Rohling, 2009 WL 482331, at *2 (citing Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002).  The same is true as to his latest state post-conviction motion, on which the Kansas Supreme Court denied review on September 2, 2009, and any currently pending state motion.  Petitioner's arguments regarding his reasons for not raising his claims earlier, including that his appellate counsel failed to raise them on appeal, were rejected as grounds for equitable tolling in his prior action.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this action is dismissed as successive and time-barred, and all relief is denied.

**IT IS SO ORDERED**.

Dated this 16th day of November, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge